UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALCON MANUFACTURING, LTD., | ) | |
| ALCON LABORATORIES, INC., and | ) | |
| KYOWA HAKKO KOGYO CO. LTD., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1642-RLY-TAB |
| | ) | |
| APOTEX INC. and APOTEX CORP., | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO TRANSFER**

Defendants Apotex Inc. and Apotex Corp. (collectively "Defendants" or "Apotex") move to transfer this case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the court **DENIES** Defendants' motion.

**I.      Introduction**

Alcon Manufacturing, Ltd. ("Alcon Mfg."), Alcon Laboratories, Inc. ("Alcon Labs."), and Kyowa Hakko Kogyo Co. Ltd. ("Kyowa") (collectively "Plaintiffs") filed the present action on November 15, 2006, alleging patent infringement. The suit arose out of Defendants' Abbreviated New Drug Application ("ANDA"), which seeks approval for Defendants to manufacture and sell a generic version of Plaintiffs' drug Patanol® that is still under patent.

Alcon Mfg. is a limited partnership organized under the laws of Texas, with its

principal place of business in Fort Worth, Texas. (Complaint ¶ 2). Alcon Labs. is a Delaware corporation with its principal place of business in Fort Worth, Texas. (*Id.* ¶ 3). Kyowa is a Japanese corporation with its principal place of business in Tokyo, Japan. (*Id.* ¶ 4). Apotex Inc. ("Apotex Canada") is a Canadian corporation with its principal place of business in Canada. (*Id.* ¶ 5). Apotex Canada developed the generic formula of Patanol® and was responsible for filing the ANDA. (Answer ¶ 24). Apotex Corp. ("Apotex USA") is a Delaware corporation with its principal place of business in Weston, Florida. (Complaint ¶ 6). Apotex USA directs and controls the sales and marketing of Apotex products. (Defendants' Memorandum in Support at 3). The President of Apotex USA also resides in Florida. (Declaration of Tammy McIntire ("McIntire Decl.") at ¶ 3, Defendants' Memorandum in Support, Ex. B). Apotex operates a distribution center in Indianapolis, Indiana, through which it distributes products throughout the United States. (*Id.* ¶ 10). The Apotex distribution center employs approximately sixteen individuals, none of whom have been involved in the ANDA at issue, and no records concerning the ANDA are stored at the Indianapolis facility. (McIntire Decl. at ¶ 4).

Defendants filed the present motion to transfer on December 13, 2006, seeking to transfer this case to the United States District Court for the Southern District of Florida, where Apotex USA resides.

**II.   Discussion**

Title 28, Section 1404(a) of the United States Code states: "For the convenience of

parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The parties do not dispute that the Southern District of Indiana and the Southern District of Florida are both proper venues.

The moving party bears the burden to demonstrate that "the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State Farm Mut. Auto. Ins. Co. v. Estate of Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996). It is within the discretion of the district court to adjudicate motions to transfer under § 1404(a) according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Considering the factors set out in § 1404(a) and the particular circumstances of the case, the moving party must show that the transferee forum is clearly more convenient than the transferor forum. *State Farm*, 939 F. Supp. at 651.

### A. Convenience of the Parties

Defendants argue that the convenience of the parties weighs in favor of transferring the case to the Southern District of Florida because Florida is a more convenient venue for Defendants and no less convenient for Plaintiffs, as the Southern District of Indiana is not Plaintiffs home forum. On the other hand, Plaintiffs argue that Defendants do not meet their burden to show that Florida would be more convenient for the parties and that Plaintiffs' choice of forum in Indiana, although not their home forum,

must still be given substantial deference.

Generally, plaintiff's choice of forum is given deference. *State Farm*, 939 F. Supp. at 651. However, when plaintiff sues outside of his home forum, that choice is given less weight, and the location of defendant's residence becomes more important in determining the convenience of the parties. *Kendall U.S.A., Inc. v. Cent. Printing Co.*, 666 F. Supp. 1264, 1268 (N.D. Ind. 1987). In addition, in determining the convenience of the parties, the court should consider the parties' respective abilities to bear the expense of trial in a particular forum and the situs of material events giving rise to the suit. *CMG Worldwide, Inc. v. Milton H. Greene Archives, LLC*, No. 1:05-cv-0415-RLY-TAB, 2005 WL 2175523, at *4 (S.D. Ind. Sept. 6, 2005).

In this case, Plaintiffs are located in Texas and Japan with no residence in Indiana, while Defendants are primarily located in Canada and Florida with a distribution center in Indiana. Although Plaintiffs filed suit outside of their home forum, thus entitling the location of Defendants' residence in Florida to more consideration, the court finds that transferring the case will not be more convenient for the parties. In this case, neither Indiana nor Florida is an obviously convenient forum. The parties are spread throughout the United States and internationally. In addition, although Plaintiffs' choice of forum may be entitled to *less* deference since they filed outside of their home forum, the court still gives some deference to Plaintiffs' decision to file suit in the Southern District of Indiana.

Further, neither the parties' ability to pay nor the situs of material events weighs in

favor of transfer. Both Plaintiffs and Defendants are corporations able to bear the expense of litigation, not individuals that would face significant financial hardship if the litigation remained in Indiana. *See State Farm*, 939 F. Supp. at 651–52 (finding in favor of transfer to the Southern District of Ohio, *inter alia*, because defendants were individuals with minimal assets to pay for a trial in the Southern District of Indiana). Further, the situs of the material events in this case does not weigh in favor of transfer because the facts indicate that the research and development of Defendants' ANDA and the preparation of Plaintiffs' patent on Patanol®, events central to a patent infringement suit, were performed in Canada, Japan, and Texas, not Florida.

Although Indiana is not Plaintiffs' home forum and Florida is Defendants' home forum, the court finds that such evidence alone is insufficient to demonstrate that transferring the case to Florida is more convenient for the parties.

### B. Convenience of the Witnesses

Defendants argue that the Southern District of Florida would be more convenient for the witnesses because no witness that would testify about the merits of the patent infringement suit live in Indiana, and Defendants' president, who would likely testify in the suit, resides in Florida. Plaintiff, however, argues that none of the relevant witnesses regarding research and development and expert witnesses regarding the products at issue reside in Florida.

In this case, the development of Defendants' generic product and the preparation of the ANDA took place at Apotex Canada. Apotex USA in Florida controls the sales

and marketing of Apotex products. The president of Apotex USA resides in Florida. On the other hand, the research and development of Plaintiffs' patented product, Patanol®, took place in Texas and Japan.

The court finds that Defendants have not met their burden to show that transferring their case to Florida would be more convenient for the witnesses. Defendants can only point to the president of Apotex USA—a collateral witness in the patent infringement suit—who resides in Florida. Defendants note that most of the relevant witnesses will come from Texas, Japan, and Canada; thus, whether the suit remains in Indiana or is transferred to Florida is immaterial because they will have to travel in both situations. However, it is Defendants' burden to demonstrate that the transferring the case is more convenient for the witnesses. Pointing to the residence of Apotex USA's president is insufficient for Defendants to meet their burden to show that transfer is more convenient for *all* witnesses.

### C. Interest of Justice

The interest of justice focuses on public considerations, rather than the private interests of the parties. *See CMG Worldwide*, 2005 WL 2175523, at *5. Factors to consider in weighing the interest of the justice include the necessity to apply state law, the conservation of judicial resources, and the likelihood of an earlier trial. *Id*.

Defendants argue that the interest of justice weights in favor of transfer because Plaintiffs will likely receive a speedier trial in the Southern District of Florida, citing significant statistical data, and Florida has an interest in having local controversies

decided in Florida.  On the other hand, Plaintiffs argue that the Southern District of Indiana has more experience with patent cases because a major pharmaceutical manufacturer is located in this district and this court has adjudicated similar patent infringement suits.  Further, any statistical evidence cited by Defendants does not indicate that a complex patent infringement suit will be adjudicated more quickly in Florida.

In this case, the interest of justice neither weighs in favor of transferring the case to the Southern District of Florida nor maintaining the case in the Southern District of Indiana.  Although Defendants argue that this court has placed great weight on court statistics in transferring cases in the past, citing *CMG Worldwide, Inc. v. Milton H. Greene Archives, LLC*, No. 1:05-cv-0415-RLY-TAB, 2005 WL 2175523, at *5 (S.D. Ind. Sept. 6, 2005), no statistical evidence was submitted in that case, and the court transferred that case because similar cases had already been consolidated in California.  Rather, in this case, the statistical evidence submitted is not persuasive, as the present case involves complex issues and will likely take several years to adjudicate, regardless of the district.

Having local interests resolved locally is also not a factor in this case, as the outcome of a patent infringement case will likely affect consumers nationwide.  Patent infringement cases are governed by federal law; thus both the Southern District of Florida and the Southern District of Indiana are competent to govern such suits.  Further, both districts have handled patent infringement suits in the past.

As the convenience of the parties and witnesses and the interest of justice do not weigh in favor of transfer, Defendants have not met their burden to show that transferring

the case to the Southern District of Florida is clearly more convenient.

### III.  Conclusion

For the foregoing reasons, the court **DENIES** Defendants' motion to transfer (Docket # 22) pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED** this 14th day of March 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Jessamyn S. Berniker
WILLIAMS & CONNOLLY LLP
jberniker@wc.com

Robert B. Breisblatt
WELSH & KATZ, Ltd.
rbbreisblatt@welshkatz.com

Joseph E. Cwik
WELSH & KATZ, Ltd.
jecwik@welshkatz.com

Bruce Roger Genderson
WILLIAMS & CONNOLLY LLP
bgenderson@wc.com

Abram B. Gregory
agregory@sommerbarnard.com

Amy L. Hammer
WELSH & KATZ, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Sidney  Katz
WELSH & KATZ, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Michael A. Krol
WELSH & KATZ, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606

Craig M. Kuchii
WELSH & KRATZ, Ltd.
ckuchii@welshkatz.com

George S. Pavlik
WELSH & KATZ, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606

Adam L. Perlman
WILLIAMS & CONNOLLY LLP
aperlman@wc.com

Deborah  Pollack-Milgate
BARNES & THORNBURG
dmilgate@btlaw.com

Gayle A. Reindl

9

SOMMER BARNARD ATTORNEYS, PC
greindl@sommerbarnard.com

Daniel P. Shanahan
WILLIAMS & CONNOLLY LLP
dshanahan@wc.com