UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALCON MANUFACTURING, LTD., ALCON LABORATORIES, INC., and KYOWA HAKKO KOGYO CO. LTD., <br><br>         Plaintiffs, <br><br>    vs. <br><br> APOTEX INC. and APOTEX CORP., <br><br>         Defendants. | Civil Action No. 1:06-cv-1642-RLY-TAB |

### STIPULATED PROTECTIVE ORDER

**WHEREAS**, the parties to the above-captioned action (the "Action") may seek discovery of documents, information or other materials that may contain trade secrets or other confidential research, development, commercial, or financial information of other parties or third parties;

**NOW THEREFORE**, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court hereby **ORDERS** that:

1.  This Protective Order (the "Order") shall govern the pretrial disclosure and/or production of information, documents and tangible things in connection with the Action.

2.  This Order shall not govern the conduct of trial. If any party or third party believes that any evidence to be introduced at trial should not form part of the public record of the trial, it shall bring that situation to the Court's attention no later than the final pre-trial

conference for this case and, as provided in ¶ 30 below, shall make a specific proposal with respect to the handling of such evidence at trial.

3. Each page of each document produced in discovery shall, to the extent practicable, bear a prefix identifying the producing party and a unique identifying number. Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the producing party and a unique identifying number.

4. Any producing person, entity or third party ("producing party") may designate any information, document or tangible item to be disclosed and/or produced as CONFIDENTIAL INFORMATION if: (a) the producing party claims in good faith that such information, document or tangible item comprises, contains or otherwise discloses trade secret or other confidential or proprietary information, the disclosure of which may cause harm to the competitive position of the producing party, including but not limited to customer lists, sales and marketing information, confidential product information, financial records, invention records, trade secrets, information regarding research and development efforts, and other research, development, commercial, or financial information within the meaning of Federal Rule of Civil Procedure 26(c)(7); and (b) the producing party gives notice, as provided in this Order, that such information, document or tangible item comprises or contains CONFIDENTIAL INFORMATION. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL INFORMATION and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

    a. All information, documents or tangible items to be produced in tangible form that the producing party wishes to designate as CONFIDENTIAL

INFORMATION must, prior to production to the receiving party, be labeled by the producing party with the legend: **CONFIDENTIAL,** or a suitable equivalent. The parties shall agree on how electronic data will be marked.

        b.     All information to be disclosed initially for inspection (such as for selection of materials for copying and production) that the producing party wishes to designate as CONFIDENTIAL INFORMATION must, prior to such disclosure, be specified in a writing provided to the receiving party (or orally, if followed by the necessary writing) that identifies the specified information as CONFIDENTIAL INFORMATION. All information to be disclosed orally (such as at a deposition) shall be automatically designated as CONFIDENTIAL INFORMATION for a period of fifteen (15) days from the date the deposition transcript becomes available. Thereafter, the information contained in the deposition transcript will no longer be deemed CONFIDENTIAL INFORMATION unless: (1) in a writing sent to counsel for the receiving party before the expiration of the fifteen-day period, counsel for the producing party claims in good faith that the deposition transcript (or a specified portion of it) contains CONFIDENTIAL INFORMATION; or (2) at the deposition, counsel for the producing party stated on the record that certain portions of the deposition transcript contain CONFIDENTIAL INFORMATION.

        5.     CONFIDENTIAL INFORMATION may include (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) interrogatory answers or other written discovery responses; (d) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents,

copies, extracts, or summaries; (e) deposition testimony; and/or (f) testimony taken at a hearing or other proceeding.

      6.    Any information, document or tangible item designated CONFIDENTIAL INFORMATION that is disclosed and/or produced in connection with this Action shall be maintained in strict confidence by the receiving party; shall be used solely in connection with the prosecution or defense of this Action, subject to any further order of this Court regarding confidentiality or the consent of the parties; and shall not be disclosed to, or used by, any individual or entity except as permitted by this Order.

      7.    The attorneys of record for the parties and other persons receiving information governed by this Order shall exercise reasonable care to insure that the information and documents governed by this Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

      8.    Access to CONFIDENTIAL INFORMATION shall be on a need-to-know basis and strictly limited to the following persons:

      a.    Outside counsel of record for the receiving party, such counsel's partners and associates, and the secretarial, clerical, paralegal and other supporting personnel of said outside counsel;

      b.    Outside experts or consultants for the receiving party who are not (and shall not become) employees of a receiving party and who are retained in connection with this Action, and their supporting personnel; provided that the disclosure of CONFIDENTIAL INFORMATION to any such expert or consultant shall be made only after:

      (1)    Counsel desiring to disclose CONFIDENTIAL INFORMATION to such an expert or consultant obtains a completed and signed undertaking in

the form of Exhibit A attached hereto from the expert or consultant and forwards a copy of said completed and signed undertaking and the expert's or consultant's current curriculum vitae, including a listing of any prior or current employments or consultancies for any party or other company in the pharmaceutical industry, and a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four years, to counsel for the producing party; and

(2) Expiration of a period of ten (10) business days, commencing with the receipt by counsel for the producing party of a copy of the expert's or consultant's completed and signed undertaking and current curriculum vitae.  During this period, counsel for the producing party may object in good faith to the disclosure of CONFIDENTIAL INFORMATION to this expert or consultant for cause, *e.g.,* an identified conflict of interest.  If counsel for the producing party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within said ten-day period.  In the event that a good-faith objection is made within the prescribed period, there shall be no disclosure of CONFIDENTIAL INFORMATION to the expert or consultant until there is an express written agreement of the parties or order of this Court removing the objection.  The party opposing disclosure of the CONFIDENTIAL INFORMATION to an expert or consultant may move the Court for an Order prohibiting the disclosure and shall bear the burden of proof with respect to the propriety of its objection and blocking of said individual from serving as an expert or consultant in this case.  Any party that fails to file such a motion within ten (10) business days of notifying a party of an objection to disclosure shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert.

    c.  Non-technical trial consultants and graphics or design firms retained by outside counsel for the receiving party for the purpose of preparing demonstrative or other exhibits, including their supporting personnel;

    d.  Licensed court reporters, videographers and their staffs employed in connection with this Action;

    e.  Outside contractors and their employees performing one or more litigation support aspects of organizing, filing, coding, converting, storing, copying or retrieving data or otherwise providing computerized litigation support to any Party; and

    f.  This Court and its authorized personnel.

  9.  No party will be deemed to have waived any privilege by disclosing, pursuant to ¶ 8(b), the name of a non-testifying expert or consultant to whom counsel intends to show CONFIDENTIAL INFORMATION.  No non-testifying expert or consultant disclosed pursuant to ¶ 8(b) will be subject to deposition or subpoena as a witness at trial based solely on the fact that he/she was the subject of such disclosure.  Nothing in this paragraph is intended to limit discovery of or with regard to experts who produce reports in this case in anticipation of testifying at trial.

  10.  The producing party shall have the right to exclude from portions of a deposition, before the taking of testimony which the producing party designates CONFIDENTIAL INFORMATION and subject to this Order, all persons other than those persons previously qualified to receive such information pursuant to ¶ 8.

  11.  With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL INFORMATION, counsel may designate on the record prior to

such disclosure that the disclosure is subject to confidentiality restrictions. Whenever matter designated CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

12. If the CONFIDENTIAL INFORMATION of a producing party is to be filed with this Court in connection with any proceeding in this Action, the filing shall comply with Local Rule 5.3 and the CM/ECF procedures of the Southern District of Indiana. If a physical copy is provided to this Court, the CONFIDENTIAL INFORMATION shall be filed in a sealed envelope marked with the caption of the case and the following legend, or its equivalent:

**CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT**

and an unredacted copy shall at the same time be served upon the other parties hereto. Within three (3) business days of the filing under seal of any document or paper, the filing party shall file with the Court and serve on the other parties hereto a redacted version thereof which omits those portions of said document or paper asserted to represent CONFIDENTIAL INFORMATION. Such redacted version shall not be filed under seal and shall be a matter of public record.

13. This Order shall not limit a party's examination, at a deposition, hearing or at trial, of persons who are not authorized to receive CONFIDENTIAL INFORMATION under the terms of this Order, so long as such examination concerns CONFIDENTIAL INFORMATION that the witness authored or previously had access to or knowledge of, as demonstrated by the CONFIDENTIAL INFORMATION itself, or by foundation testimony during a deposition, hearing or trial. This Order shall not prevent counsel from examining a witness who was employed by the producing party during the relevant time and is reasonably

believed to have had access to the CONFIDENTIAL INFORMATION to determine whether he or she authored or previously had access to or knowledge of CONFIDENTIAL INFORMATION.

14. Nothing herein shall affect the right of the producing party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the producing party the information becomes public knowledge.  Similarly, this Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

15. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice the attorney shall not disclose the content of such CONFIDENTIAL INFORMATION, other than in summary form, received from another party or third party to unauthorized persons, except by prior written agreement with counsel for the producing party.

16. A receiving party's acceptance of material designated CONFIDENTIAL INFORMATION by a producing party shall not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(7). No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.  This Order shall not foreclose any party or interested member of the public from moving for an order that

materials designated CONFIDENTIAL INFORMATION are not confidential within the meaning of Federal Rule of Civil Procedure 26(c)(7).  Prior to bringing such a motion, however, the receiving party shall first request in writing that the producing party change or remove its confidentiality designation.  If the producing party refuses to change its confidentiality designation within ten (10) business days from the request, the receiving party may move for an order changing or removing the designation.  On such a motion, the producing party shall have the burden of proving that the material it designated CONFIDENTIAL INFORMATION embodies its trade secrets or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(7).

    17. A producing party that inadvertently fails to designate an item pursuant to this Order at the time of production may thereafter make a designation pursuant to this Order by serving notice thereof in writing, accompanied by substitute copies or each item, appropriately designated.  The receiving party shall, within seven (7) business days after receiving such notification, return to the producing party or destroy all copies of the misdesignated documents.  Those individuals who reviewed the documents or information prior to the notice of misdesignation or failure to designate by the producing party shall honor, to the extent reasonably practicable, the provisions of this Order with respect to the use and disclosure of confidential information in the misdesignated documents.

    18. Should any CONFIDENTIAL INFORMATION be disclosed by a receiving party to any person not authorized to have access to such information under this Order, the receiving party shall:  (a) use its best efforts to obtain the prompt return of any such CONFIDENTIAL INFORMATION and to bind such person to the terms of this Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of the

provisions of this Order and identify such person to the producing party; and (c) request such person to sign an undertaking in the form of Exhibit A attached hereto. If executed, the undertaking shall be served upon counsel of record for the producing party within three (3) business days of its receipt by the receiving party. The requirements set forth in this paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

19. Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other applicable privilege or immunity. A producing party may produce a redacted version of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation **RP** (Redacted-Privileged), or a similar appropriate designation.

20. If a producing party inadvertently or mistakenly produces information, documents or tangible items in this Action that should have been withheld subject to a claim of attorney-client privilege or work product immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work product immunity for such information, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure upon its discovery. Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or

mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that this Order shall not preclude the party returning such information from making a motion to compel production of the returned information on a basis other than a waiver because of its inadvertent production as part of a discovery production under this protective order. The producing party shall retain copies of all returned documents and tangible items for further disposition.

21. If the discovery process calls for the production of information, documents or tangible items that a party cannot produce because its disclosure would breach an agreement with a third party to maintain such information in confidence, the producing party shall, no less than ten (10) business days before the date scheduled for production, give written notice to the third party that its information is subject to discovery in this Action and provide the third party with a copy of this Order. At the same time such written notice is given to the third party, the producing party shall advise the putative receiving party of: (a) the fact that such notice has been given; (b) the type of information being withheld; and (c) the name and address of the third party. The requested information shall not be produced unless the third party so agrees or the requesting party secures a Court order compelling production.

22. The restrictions and obligations set forth in this Order relating to CONFIDENTIAL INFORMATION shall not apply to any information that: (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than by a disclosure by a receiving party; or (c) has come or hereafter comes into the receiving party's legitimate possession without any confidentiality restrictions and independently of the producing party. The restrictions and obligations set forth

in this Order shall not prohibit discussions with any person or entity regarding any CONFIDENTIAL INFORMATION if said person or entity already has legitimate possession thereof.

23. In the event that a receiving party desires to provide access to CONFIDENTIAL INFORMATION to any person not entitled to such access under this Order, the receiving party shall first request in writing an agreement to do so from the producing party. If the producing party refuses to enter into such an agreement within ten (10) business days, the receiving party may move the Court for an order that such person be given access thereto. In the event that the motion is granted, such person may have access to CONFIDENTIAL INFORMATION after first signing an undertaking in the form of Exhibit A attached hereto, a copy of which shall be forwarded promptly to counsel for the producing party, or under such other conditions as the parties to this Action may agree or this Court may order.

24. No person shall use any CONFIDENTIAL INFORMATION, or information derived therefrom, for purposes other than the prosecution or defense of this action, including, without limitation, for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application or request for re-examination.

25. This Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure. Nor does accepting this Order constitute an admission by any party that any documents or information addressed herein are relevant or

discoverable in this action, and the fact that types of documents or information are mentioned in this Order shall have no bearing on whether they are relevant or discoverable.

26. This Order shall be binding on any successors or assigns to any party if such succession or assignment occurs during discovery or pre-trial proceedings of this Action.

27. This Order shall survive the termination of this Action.  No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.

28. This Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.

29. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who may be subject to a court order to disclose another party's CONFIDENTIAL INFORMATION pursuant to this order shall promptly notify that party of the court order so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

30. Prior to the trial of this matter, the parties shall confer in good faith in an effort to reach agreement concerning a joint proposal to the Court with respect to the handling of CONFIDENTIAL INFORMATION at trial, and they shall make such proposal no later than the final pre-trial conference in this case.  If the parties are unable to reach agreement on this subject, each party may make its own submission to the Court no later than the final pre-trial conference.

31. After final termination of this Action including any appeals, outside counsel identified in ¶ 8(a) for a receiving party may retain any documents or copies which

contain, constitute or reflect attorney's work product or attorney-client privilege communications and one archival copy of pleadings, correspondence, deposition transcripts, deposition exhibits, Court transcripts, Court exhibits, expert reports, written discovery responses and other submissions to the Court, including any CONFIDENTIAL INFORMATION contained therein, subject to a continuing obligation to protect all such pursuant to this Order.  Within sixty (60) days after final termination of this Action, including any appeals, all additional CONFIDENTIAL INFORMATION of a producing party in the possession, custody or control of a receiving party - or in the possession, custody or control of any person allowed access to such information under ¶ 8 of this Order - must be either:  (a) returned to outside counsel for the producing party; or (b) destroyed and such destruction certified in writing to outside counsel for the producing party.

      32.    All references to "days" in this Order shall be counted according to Fed. R. Civ. P. 6, unless otherwise specifically indicated.

/////

/////

/////

/////

/////

/////

**AGREED:**

Consent of the undersigned counsel
for electronic signature was obtained
via email May 10, 2007:

| | |
|---|---|
| s/Jessamyn S. Berniker | s/Gayle A. Reindl |
| Bruce R. Genderson | Robert B. Breisblatt |
| Adam L. Perlman | A. Sidney Katz |
| Daniel P. Shanahan | Joseph E. Cwik |
| Jessamyn S. Berniker | George S. Pavlik |
| Eric K. Chiu | Michael A. Krol |
| Williams & Connolly LLP | Craig M. Kuchii |
| 725 Twelfth Street, N.W. | Amy L. Hammer |
| Washington, DC 20005 | Welsh & Katz, Ltd. |
| (202) 434-5000 | 120 South Riverside Plaza – 22nd Floor |
| (202) 434-5029 (Facsimile) | Chicago, IL 60606 |
| | (312) 655-1500 |
| Donald E. Knebel (5264-49) | (312) 655-1501 (Facsimile) |
| Paul B. Hunt (15465-71) | |
| Deborah Pollack-Milgate (22475-49) | Gayle A. Reindl |
| Barnes & Thornburg LLP | Abram B. Gregory |
| 11 South Meridian Street | Sommer Barnard PC |
| Indianapolis, IN 46204 | One Indiana Square, Suite 3500 |
| (317) 236-1313 | Indianapolis, IN 46204-2023 |
| (317) 231-7433 (Facsimile) | (317) 713-3500 |
| | (317) 713-3699 (Facsimile) |

**SO ORDERED:  May 18, 2007**

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

15

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALCON MANUFACTURING, LTD., ALCON LABORATORIES, INC., and KYOWA HAKKO KOGYO CO. LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | Civil Action No. 1:06-cv-1642-RLY-TAB |

## CONFIDENTIALITY AGREEMENT

I, _____, have read and understood the Stipulated Protective Order entered in the above-captioned action and hereby agree to be bound by its terms and provisions. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court, Southern District of Indiana, for any proceedings involving the enforcement of that Order. I declare under penalty of perjury under the laws of the United States of America this Confidentiality Agreement is true and correct.

_____

Name Printed _____

Dated: _____