UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALCON MANUFACTURING, LTD., ALCON LABORATORIES, INC., and KYOWA HAKKO KOGYO CO. LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | Civil Action No. 1:06-cv-1642-RLY-TAB |

### APOTEX'S RESPONSE TO PLAINTIFFS' NOTICE OF RECENT DEVELOPMENT WHICH AFFECTS THE COURT'S CONSIDERATION OF PLAINTIFFS' PENDING MOTION TO CONSOLIDATE TRIALS AND APOTEX'S CROSS-MOTION TO RESET THE TRIAL DATE

As explained in Apotex's Opposition to Plaintiffs' Motion for Consolidation (Dkt. # 210) and Apotex's Reply Brief in Support of Apotex's Cross-Motion to Reset the Trial Date (Dkt. # 220), consolidating the above captioned Apotex action with the later-filed action against Sandoz (07-cv-1377) would result in prejudice, undue burden and delay. Barr Laboratories' presence in a consolidated case was but one of the sources of prejudice, burden and delay. Thus, while Barr's withdrawal of its ANDA[1] may eliminate the need for Barr to appear in the consolidated case with Sandoz (the "Sandoz action"), it does not eliminate the prejudice, burden and delay that would result from consolidating the Apotex action with the Sandoz action.

Barr's withdrawal does not alleviate the delay in obtaining patent certainty that would undeniably result from consolidating the Apotex action with the Sandoz action. *See* Dkt. # 220

---

[1] Barr Laboratories Inc. has withdrawn its ANDA No. 79-092, thereby removing the basis of Plaintiffs' infringement claims against Barr.

at 4-8. It does not alleviate the financial loss Apotex would sustain from any delay in its ability to market its low-cost generic drug product free from the threat of further litigation by Plaintiffs. *See id.* at 5. It does not reduce the financial windfall Plaintiffs would receive as a result of delaying resolution of this case, *see id.* at 6-7, or the substantial prejudice to Apotex if it was forced to launch "at risk" as a result of consolidation-related delay. *See id.* at 5-6.

Moreover, as Sandoz will be relying on discovery conducted by Barr, *see* 07-cv-1377, Dkt. # 79 at 1-2, Barr's withdrawal would not eliminate the substantial financial burden that Apotex would incur as a result of having to review fact discovery from the Sandoz action. *See* Dkt. # 220 at 2. Similarly, Barr's withdrawal does not eliminate the burden Apotex would suffer as a result of becoming mired in yet another round of expert discovery. *See id.* at 2-3.

Barr's withdrawal also does not alleviate the prejudice that Apotex would suffer as a result of Plaintiffs' introduction of new evidence and testimony that Apotex has not previously been afforded an opportunity to review. *See id.* at 4. Nor does it eliminate the logistical difficulties that would arise from consolidating the Apotex action, which is ready for trial, with the Sandoz action, which has just begun expert discovery. *See* Dkt. # 210 at 6-10.

Furthermore, Barr's withdrawal does not eliminate the risk that a consolidated trial would be further delayed. *See* Dkt. # 220 at 8-9. In fact, it is Apotex's understanding that Alcon has not completed fact discovery or even conducted a single deposition of Sandoz personnel.[2]

Under these circumstances, the Court should allow the Apotex action to go to trial at the end of this year. If any case must be delayed it should be the Sandoz action, which has only been pending since February 2009, well over two years after the Apotex litigation began in November 2006. *Compare* Dkt. #1 and 1:09-cv-103, Dkt. #1. Staying the Sandoz action makes even more

---

[2] Sandoz agreed that it would not seek any fact discovery from Plaintiffs, but that Plaintiffs will be allowed to seek fact discovery from Sandoz through November 20, 2009. *See* 07-cv-1377, Dkt. # 79 at 1-2. It is unclear whether Barr's sudden withdrawal will cause Sandoz to seek additional fact discovery.

2

sense now that Barr has withdrawn, thereby eliminating the need to litigate the validity and infringement of U.S. Patent No. 5,116,863.  Given Barr's withdrawal, once Apotex establishes the invalidity and/or unenforceability of U.S. Patent No. 5,641,805, there will be no need to conduct a separate trial with Sandoz or even complete additional discovery in the Sandoz action.

For the above-stated reasons, Plaintiffs' Motion to Consolidate Trials should still be denied and the Apotex trial should be scheduled to commence at the end of this year or as soon as the Court's schedule permits.


Dated:  September 28, 2009

/s/ Thomas J. Maas

Robert B. Breisblatt
Craig M. Kuchii
Martin S. Masar III
Thomas J. Maas
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, Illinois 60661-3693
(312) 902-5200 (phone)
(312) 577-8792 (fax)

Joseph E. Cwik
Michael A. Krol
**HUSCH BLACKWELL SANDERS LLP**
**WELSH & KATZ**
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
Telephone (312) 655-1500
Facsimile (312) 655-1501

Gayle A. Reindl
**TAFT STETTINIUS &**
**HOLLISTER LLP**
One Indiana Square, Suite 3500
Indianapolis IN 46204
(317) 713-3500 (general)
(317) 713-3699 (fax)
**Attorneys for Defendants Apotex Inc. and Apotex Corp.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing APOTEX'S RESPONSE TO PLAINTIFFS' NOTICE OF RECENT DEVELOPMENT WHICH AFFECTS THE COURT'S CONSIDERATION OF PLAINTIFFS' PENDING MOTION TO CONSOLIDATE TRIALS AND APOTEX'S CROSS-MOTION TO RESET THE TRIAL DATE was served on this the 28th day of September 2009 upon the attorneys for the Plaintiffs as follows:

**VIA ECF FILING:**
Bruce R. Genderson
Adam L. Perlman
Daniel P. Shanahan
Jessamyn S. Berniker
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
(202) 434-5029 (Facsimile)
*bgenderson@wc.com*
*aperlman@wc.com*
*dshanahan@wc.com*
*jberniker@wc.com*

**VIA ECF FILING:**
Donald E. Knebel
Deborah Pollack-Milgate
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 236-1313
(317) 231-7433 (Facsimile)
*dknebel@btlaw.com*
*dmilgate@btlaw.com*

                                                                  /s/ Thomas J. Maas
                                                                  Attorney for Defendants